ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LUIS QUIÑONES SANTIAGO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | **TA2025RA00081** | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de Corrección<br><br>Caso Núm.: GMA-1000-124-25<br><br>Sobre: Solicitud de remedio Administrativo |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 11 de agosto de 2025.

Comparece ante este foro el Sr. Luis Hiram Quiñones Santiago, por derecho propio, *in forma pauperis*, (señor Quiñones o "el recurrente") y nos solicita que revisemos una determinación emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DRA o "parte recurrida") notificada el 25 de junio de 2025. Mediante el referido dictamen, la DRA informó que el Oficial Correccional del Área de Mantenimiento, estaría realizando una *Orden de Servicio* para adquirir el equipo necesario y realizar el mantenimiento de las consolas de aire.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** el dictamen recurrido.

### I.

Según surge del expediente, el 18 de enero de 2025 el señor Quiñones instó una *Solicitud de Remedio Administrativo*.[1] En esencia, solicitó que se limpiaran

---

[1] Véase, *Solicitud de Remedio Administrativo* en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

las consolas de aire de los módulos, además del cambio de filtros en cumplimiento con el *Manual Sobre el Plan de Mantenimiento y Salud Ambiental*.

El 28 de febrero de 2025, la DRA emitió una *Respuesta del Área Concernida/Superintendente*.[2] En esta, indicaron que el reclamo del recurrente había sido referido al área de mantenimiento, puesto que, había un plan para la forma y manera en que llevarían a cabo la limpieza de los aires en los módulos.

En desacuerdo, el 28 de mayo de 2025, el señor Quiñones presentó una *Solicitud de Reconsideración*, mediante la cual reiteró se les diera mantenimiento a las consolas de aire en los módulos.[3]

El 25 de junio de 2025, la DRA notificó la *Respuesta de Reconsideración al Miembro de la Población Correccional*.[4] En la cual, denegaron su solicitud de reconsideración, sin embargo, indicaron que el caso había sido discutido con el Oficial Correccional Cruz, del Área de Mantenimiento, quien les informó que estaría realizando una *Orden de Servicio* para poder adquirir el equipo necesario y así realizar la labor.

Aun inconforme, el 30 de junio de 2025, el recurrente presentó el recurso de epígrafe y planteó los siguientes señalamientos de error:

> Erró el Departamento de Corrección y Rehabilitación en no darle el mantenimiento adecuado a las consolas de aire acondicionado poniendo en peligro la salud de los confinados cuando se supone que esa área merece un servicio de mantenimiento.
>
> Erró el Departamento de Corrección y Rehabilitación en no darle el mantenimiento como establece el Manual sobre el Plan de

---

[2] *Respuesta del Área Concernida/Superintendente*, anejo 3 en SUMAC.
[3] *Solicitud de Reconsideración*, anejo 2 en SUMAC.
[4] Véase, *Respuesta de Reconsideración al Miembro de la Población Correccional* anejo en SUMAC.

Mantenimiento y Salud Ambiental que violentan sus propias reglamentaciones.

El 15 de julio de 2025 emitimos una *Resolución* en la cual le concedimos a la parte recurrida el término dispuesto en nuestro Reglamento, según enmendado, 2025 TSPR 42, para que presentara su alegato.

Luego de una solicitud de prórroga, el 4 de agosto de 2025, la DRA presentó su *Escrito en Cumplimiento de Resolución*.

Con la comparecencia de todas las partes, procedemos a atender el recurso ante nos.

## II.

El *Reglamento para atender las Solicitudes de Remedios Administrativos radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583 del 5 de mayo de 2015 (Reglamento Núm. 8583), tiene como objetivo principal que toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio y que resuelva efectivamente su reclamo. Lo anterior con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal del Departamento de Corrección. Además, el mismo tiene como objetivo evitar y reducir la radicación de pleitos ante los tribunales. Véase, *Introducción* en el Reglamento Núm. 8583.

Mediante el precitado Reglamento, fue establecido un proceso para atender las quejas y agravios de los confinados en contra del Departamento de Corrección y Rehabilitación. La División de Remedios Administrativos atenderá todo lo relacionado con su funcionamiento en las instituciones correccionales o facilidades del

Departamento de Corrección y Rehabilitación relacionado directa o indirectamente con actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional, entre otros asuntos. Regla V(1)(a) de la del Reglamento Núm. 8583.

-B-

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.*, dispone sobre el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida Ley, como la jurisprudencia aplicable, establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable. *T-JAC, Inc. v. Caguas Centrum Limited*, 148 DPR 70, 80 (1999).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo v. Yiyi Motors, Motors*, 161 DPR 69, 76 (2004). Conforme a lo cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. de San Juan v. CRIM,* 178 DPR 164, 175 (2010). Por lo tanto, la revisión judicial de una determinación administrativa se circunscribe a determinar si: (a) el remedio concedido por la agencia fue apropiado; (b) las determinaciones de hechos realizadas por la agencia

están sostenidas por evidencia sustancial que obra en el expediente administrativo; y (c) si las conclusiones de derecho del ente administrativo fueron correctas, ello mediante una revisión completa y absoluta. Secc. 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675. Véase, además: *Torres Rivera v. Policía de PR,* 196 DPR 606, 626-627 (2016).

Por otra parte, nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar la deferencia a las determinaciones administrativas. En específico, ha expresado que la deferencia cederá cuando: (a) la decisión no está basada en evidencia sustancial; (b) el organismo administrativo ha errado en la aplicación de la ley, y (c) ha mediado una actuación irrazonable o ilegal. *Acarón, et al v. DRNA,* 186 DPR 564, 584 (2012); *Marina Costa Azul v. Comisión,* supra.

De otra parte, nuestro Tribunal Supremo en *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025), adoptó el razonamiento del Tribunal Supremo Federal en *Loper Bright Enterprises et al., v. Raimondo*, 603 US 369 (2024), 144 S.Ct. 2444, al contemplar la función que ha de asumir el foro judicial ante la revisión de las determinaciones administrativas. El Tribunal Supremo de Puerto Rico indicó que los jueces tienen un mandato legislativo de revisar las actuaciones administrativas, el cual se debe cumplir cabalmente. *Vázquez v. Consejo de Titulares*, supra. Añadió que, aunque en reiteradas ocasiones ha expresado que las conclusiones e interpretaciones de las agencias merecen gran deferencia y que su revisión judicial se limita a determinar si estas actuaron arbitraria o ilegalmente,

no obstante, no equivale a una renuncia de nuestra función revisora. Por ello, concluyó que:

> […] la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. Así, enfatizamos la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, supra. Como corolario, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática a la que alude el DACo, sino que por los mecanismos interpretativos propios del Poder Judicial. *Íd.*

**-C-**

El *Manual Sobre el Plan de Mantenimiento y Salud Ambiental del Departamento de Corrección y Rehabilitación* (Manual) tiene el propósito de establecer los procedimientos para cumplir con las normas de salud y proveer las instrucciones generales relacionadas a la higiene, limpieza y mantenimiento en las instituciones correccionales.

En el Artículo IX(D)(3)(j) del Manual establece que los sistemas de unidades de acondicionadores de aire en instituciones cerradas como (Guayama 1000, Ponce 1000, Bayamón 1000) forman parte del listado de prioridades de mantenimiento y reparación de emergencia en caso de detectarse alguna falla o avería. Asimismo, el Artículo IX(H)(1)(c)(9) indica que las unidades de acondicionadores de aire son esenciales para la operación de una institución.

**III.**

En el caso de autos, el señor Quiñones solicita que revisemos un dictamen emitido por la División de Remedios Administrativos mediante el cual denegó su solicitud de reconsideración. En la solicitud de

remedio administrativo, el recurrente había planteado la falta de limpieza de las consolas de aire acondicionado, y cambio de filtros. Sin embargo, la DRA indicó que se habían comunicado con el oficial del área de mantenimiento, quien les informó estaría realizando la orden de servicio para adquirir el equipo necesario.

Luego de examinar el recurso presentado ante nuestra consideración, resulta forzoso concluir que el reclamo del recurrente no ha sido ignorado, dado que la agencia acreditó por conducto del Oficial Correccional Cruz, del Área de Mantenimiento, la existencia de un plan para atender la solicitud del señor Quiñones.

Por consiguiente, contrario a lo aducido por el recurrente, entendemos que la DRA atendió dicha solicitud y está haciendo gestiones para adquirir el equipo requerido, y así realizar la labor de limpieza.

No obstante, creemos prudente recordarle al Departamento de Corrección que tiene la obligación de proveer oportunamente los remedios adecuados para que todos los confinados reciban un trato digno en su estado de confinamiento. Asimismo, al señor Quiñones le asiste siempre su derecho a recurrir nuevamente a la DRA si en un tiempo razonable no se atiende su reclamo.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** la determinación recurrida.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones